IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WAYA TSALAGI JONES, | ) | 4:11CV3107 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint on July 15, 2011. (Filing No. 1-1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on July 15, 2011, against the State of Nebraska, the "Govenor," "State Board to license Judge's, - Attorney's - Lawyer's - Police - Troopers - etc.," the "Board of Pardon's" and the "Board of Corrections." (Filing No. 1-1 at CM/ECF p. 1.) Plaintiff is a non-prisoner who currently resides in Hot Springs, South Dakota. (Id.; see also Docket Sheet.)

Condensed and summarized, Plaintiff alleges that Defendants neglected their official duties from 1981 through 2011. (Id. at CM/ECF pp. 2-8.) Plaintiff asserts that this "neglect" led to false charges against Bret Tschacher.[1] (Id. at CM/ECF pp. 2, 4-5, 7, 10-13.) Plaintiff, who is Tschacher's wife, also provides a "List of Illegal

---

[1] The court takes judicial notice that Bret Tschacher was recently found guilty of being a felon in possession of a firearm and sentenced to 21 months in prison. (See *United States v. Tschacher*, Case No. 09CR3025, Filing No. 108.)

Acts" that led to Tschacher's conviction. (*Id*. at CM/ECF pp. 10-12.) Plaintiff asks the court to "restore" Bret Tschacher's rights and to order restitution for "11 years of . . . lies." (*Id*. at CM/ECF p. 8.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

*A. Standing*

In order for Plaintiff to proceed with her claims, she must have standing. Standing is a jurisdictional requirement that "can be raised by the court sua sponte at any time during the litigation." *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004). As a general rule, to establish standing a plaintiff must assert her legal rights or interests and not "the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). Moreover, a non-attorney pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654; *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (concluding a non-attorney pro se party may not represent another's interests).

Here, Plaintiff raises several claims on behalf of her husband. (Filing No. 1-1 at CM/ECF pp. 1-16.) Even if Plaintiff could establish standing to litigate these claims, she is a non-attorney pro se litigant and may not represent her husband in this court without an attorney. Accordingly, any claims raised on behalf of Plaintiff's husband must be dismissed.

### B. *Sovereign Immunity*

To the extent that Plaintiff alleges her own injury, her claims are barred by the Eleventh Amendment. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C.

3

§1983 which seek equitable relief from state employee defendants acting in their official capacity.

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in his official capacity, is in reality a claim against the entity that employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff sues the State of Nebraska, the "Govenor" and several state boards. (Filing No. 1-1 at CM/ECF p. 1.) Plaintiff does not specify whether she sues the Governor in his individual or official capacity. (*Id*.) Consequently, the court presumes that the Governor is sued in his official capacity only. Liberally construed, Plaintiff's restitution request is her only request for relief not related to her husband's rights. (*Id*. at CM/ECF p. 8.) As discussed above, the Eleventh Amendment bars monetary claims against a state, state instrumentalities and employees of a state sued

4

in their official capacities. Therefore, to the extent that Plaintiff alleges her own injury, her claims are barred by the Eleventh Amendment.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1-1) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 6th day of October, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.